*Bradley Dunlap, for Appellant.*

*Turner, for Appellee.*

---

## GEO. BURNSIDE, &c., v. JACOB ROBINSON, &c.

Contracts—Sale of Land—Suit to Enforce—Petition to Be Made Party—
Statement of Facts.

In this suit for enforcing a contract for the sale of land appellants filed a petition to be made parties, alleging they were the "owners of the land and interested parties." No facts were stated showing the character of their claim, or how it was derived, whether from devise, contract or inheritance. Held, that each claim is too vauge and indefinite for judicial review, and the cross petition was properly dismissed.

APPEAL FROM GARRARD CIRCUIT COURT.

December 13, 1867.

OINION OF THE COURT BY JUDGE ROBERTSON:

In the progress of a suit in equity for enforcing a contract for sale of land between the parties to it the appellants, who were not parties to that pending suit filed a petition praying to be made parties on the simple allegation that they were owners of the property and interested in the case. They stated no *fact* tending to show the character of their claim, or how it was derived, whether

from devise, contract, or inheritance. The court therefore having no clue for judicial cognizance of a claim so vague and undefined, and consequently unable to see that it was a proper subject of litigation in that suit, overruled the application and rendered a decree between the original parties. In thus refusing to permit such intervention and consequent delay and complication not apparently pertinent or available, the circuit court did no manifest wrong to the appellants who, not being parties, cannot be prejudiced by the decree as rendered between other parties.

If the appellants have any *prima facie* title, they may still assert it whenever they may choose to do so in a proper and tangible shape.

Judgment affirmed.

*Bradley,* for appellant.

*Anderson,* for appellee.